IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CLAIRE JOBE, III,

        Plaintiff,

vs.                                    Case No. 11-1139-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot,

considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to

determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II.  History of case**

On September 11, 2009, administrative law judge (ALJ) Edmund C. Werre issued his decision (R. at 17-34). Plaintiff alleges that he has been disabled since August 31, 2006 (R. at 17). Plaintiff is insured for disability insurance benefits through March 31, 2007 (R. at 20). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since August 31, 2006 (R. at 20). At step two, the ALJ found that

plaintiff had the following severe impairments: degenerative disc disease, congenital right hand anomaly, hypertension, schizoaffective disorder, posttraumatic stress disorder (PTSD), and polysubstance dependence (R. at 20).  At step three, the ALJ found that plaintiff's impairments do not meet or equal a listed impairment (R. at 20).  After determining plaintiff's RFC, which stated that due to polysubstance abuse, plaintiff would not be able to complete a normal workday and workweek without interruption from psychologically based symptoms (R. at 21), the ALJ determined that plaintiff could not perform either past work (R. at 28), or other work in the national economy, and would therefore be disabled (R. at 29).

     If plaintiff stopped the substance use, the ALJ determined that plaintiff at step two would still have severe impairments (R. at 29-30).  At step three, the ALJ determined that plaintiff's impairments would not meet or equal a listed impairment (R. at 30).  After determining plaintiff's RFC (R. at 30-31), the ALJ determined at step four that plaintiff could not perform past relevant work (R. at 32).  However, at step five, the ALJ found that, absent substance use, plaintiff could perform a significant number of other jobs in the national economy (R. at 33).  Because the ALJ determined that plaintiff would not be disabled if he stopped substance use, the ALJ found that plaintiff's substance use disorder is a contributing factor

material to the determination of disability.  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 33).

**III.  Did substantial evidence support the finding of the ALJ that plaintiff's substance use is a contributing factor material to the determination of disability, and therefore plaintiff would not be disabled if he stopped substance use?**

In 1996, Congress passed Public Law 104-121.  It added the following language to 42 U.S.C. § 423(d)(2):

> (C) An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

20 C.F.R. § 404.1535 (disability insurance) and § 416.935 (SSI) are identical, and are the implementing regulations governing this issue.  The implementing regulations make clear that a finding of disability is a condition precedent to an application of §423(d)(2)(C).  The Commissioner must first make a determination that the claimant is disabled.  He must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol or drugs.  If so, then the alcohol or drug use is not a contributing factor material to the finding of disability.  If however, the claimant's remaining impairments would not be disabling without the alcohol or drug abuse, then the alcohol or drug abuse is a contributing factor

6

material to the finding of disability.  The ALJ cannot begin to apply §423(d)(2)(C) properly when he has not yet made a finding of disability.  <u>Drapeau v. Massanari</u>, 255 F.3d 1211, 1214-1215 (10th Cir. 2001).  In other words, an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction.  If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis under §§ 404.1535 or 416.935.  If the ALJ finds that the claimant is disabled and there is medical evidence of his or her drug addiction or alcoholism, then the ALJ should proceed under §§ 404.1535 or 416.935 to determine if the claimant would still be found disabled if he or she stopped using alcohol or drugs.  <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955 (9th Cir. 2001).

The ALJ found that plaintiff was disabled, and that plaintiff had a severe impairment of polysubstance dependence.  The ALJ then further determined that plaintiff would not be disabled if he stopped the substance use.  It is this finding which is challenged by the plaintiff.  Plaintiff argues that the ALJ failed to point to any evidence to support his finding that plaintiff would not be disabled if he stopped the substance use (Doc. 15 at 15-19).

In the case of <u>Salazar v. Barnhart</u>, 468 F.3d 615 (10th Cir. 2006), the court referred to a teletype sent out by the

Commissioner which pertains to Pub. L. 104-121.  The court summarized portions of the teletype as follows:

> Shortly after the law [Pub. L. 104-121] was amended, the Commissioner sent out a teletype on applying the new law, which speaks to situations where a claimant has one or more other mental impairments in addition to DAA [drug addiction or alcoholism]. It stresses the need for careful examination of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA is not a contributing factor material to the disability determination.
>
> ..........
>
> With regard to the materiality finding, the Commissioner's teletype further directs that where a medical or psychological examiner cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that DAA is not a contributing factor material to the disability determination.
>
> ..........
>
> Further, the Commissioner's teletype instructs that where the record is devoid of any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if she stopped using drugs or alcohol, an ALJ should "find that DAA is not a contributing factor material to the determination of disability."

Salazar, 468 F.3d at 623, 624.

As in Salazar, the ALJ in the case before the court does not, in support of his assertion that plaintiff is not disabled absent consideration of his substance use, cite to any medical or

8

psychological report, opinion, or projection as to plaintiff's remaining limitations if he stopped using drugs or alcohol. Defendant states in his brief that "there is no assessment from a medical source of Plaintiff's limitations absent polysubstance abuse during the relevant periods" (Doc. 11 at 8). The only medical opinion in the record concerning whether plaintiff would be disabled in the absence of substance abuse is that of ARNP (advanced registered nurse practitioner) Friesen, who opined that plaintiff's impairments are disabling without consideration of his substance use, and that his limitations would be disabling even if substance use were to stop (R. at 475). This information was not before the ALJ. However, the Appeals Council considered this evidence, and found that this information did not provide a basis to change the decision of the ALJ (R. at 2).

The record does contain a mental RFC assessment by Dr. Witt, which was affirmed by Dr. Schulman, non-examining medical sources (R. at 397-413, 449). The ALJ stated that he gave "substantial weight" to their opinions in regard to plaintiff's cognitive limitations (R. at 27, 32). However, it is clear from their assessment that their opinions took into account plaintiff's substance use (R. at 397, 409, 413). As in <u>Salazar</u>, 468 F.3d at 625, this assessment offered no opinions regarding plaintiff's limitations absent substance use.

The ALJ found that, when taking into consideration

plaintiff's substance use, plaintiff would be unable to complete a normal workday and workweek without interruption from psychologically based symptoms (R. at 21-22). The ALJ thus rejected the opinions of Dr. Witt and Dr. Schulman, who opined that, after taking into consideration plaintiff's substance use, plaintiff was not significantly limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms (R. at 412). The fact that the ALJ rejected their opinion regarding plaintiff's limitation in this category is inconsistent with the ALJ's finding that he gave "substantial weight" to their opinions (R. at 27). Having rejected their opinion regarding plaintiff's limitations when considering plaintiff's substance use, and given the fact that these non-examining sources offered no opinion regarding plaintiff's limitations in the absence of substance use, the ALJ cannot not rely on this mental RFC assessment to find that plaintiff would not be disabled if he stopped substance use. Given the fact that the ALJ found that plaintiff was disabled when considering plaintiff's substance use, this case shall be remanded in order for the ALJ, in accordance with <u>Salazar</u>, to review the medical opinion evidence regarding plaintiff's limitations absent alcohol or drug use.

**IV. Did the ALJ err in the weight he accorded to the opinions of medical treatment providers?**

Plaintiff argues that the ALJ erred in his consideration of the opinions of Dr. Gorcos (R. at 306-308) and ARNP Friesen (R. at 475-478, Exh. 17F).  In fact, the opinions expressed by ARNP Friesen in Exhibit 17F were not before the ALJ, but were discussed by the Appeals Council.  The court will not address this issue in detail in light of the court's determination to remand the case in order for the ALJ to review the medical opinion evidence regarding plaintiff's limitations absent alcohol or drug use.  However, on remand, the ALJ should take the following into consideration when evaluating the weight to be given to the opinions of these treatment providers.

First, on remand, the ALJ must not consider the opinions of these treating sources in isolation, but those opinions must be considered in light of the entire evidentiary record, including the opinions and assessments of other treating sources.  The court is concerned with the necessarily incremental effect of each individual report or opinion by a source on the aggregate assessment of the evidentiary record, and, in particular, on the evaluation of reports and opinions of other treating sources, and the need for the ALJ to take this into consideration.  See Lackey v. Barnhart, 127 Fed. Appx. 455, 458-459 (10th Cir. April 5, 2005).

Second, the Appeals Council stated that the GAF of 54[1] assigned by ARNP Friesen in her evaluation in Exhibit 17F does not correlate with the marked limitations found by ARNP Friesen (R. at 2). In fact, ARNP Friesen indicated that plaintiff was not significantly limited in 4 categories, was moderately limited in 6 categories, and was markedly limited in 10 categories (R. at 476-477). Furthermore, standing alone, a GAF score, which can reflect social and/or occupational functioning, does not necessarily evidence whether an impairment seriously interferes with a claimant's ability to work. See Lee v. Barnhart, 117 Fed. Appx. 674, 678 (10th Cir. Dec. 8, 2004). Because a GAF score may not relate to a claimant's ability to work, the score, standing alone, without further explanation, does not establish whether or not plaintiff's impairment severely interferes with an ability to perform basic work activities. See Eden v. Barnhart, 109 Fed. Appx. 311, 314 (10th Cir. Sept. 15, 2004). GAF scores are not considered absolute determinants of whether or not a claimant is

---

[1]GAF (global assessment of functioning) scores can be found in the Diagnostic and Statistical Manual of Mental Disorders. The scores in this case represent the following:

> 51-60: **Moderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational or school functioning** (e.g., few friends, conflicts with peers or co-workers).

Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) (4th ed., text revision, American Psychiatric Association 2000 at 34) (emphasis in original).

disabled.  Heinritz v. Barnhart, 191 Fed. Appx. 718, 722 (10th Cir. Aug. 10, 2006).  Furthermore, there is no medical opinion evidence that the GAF scores in the record do not correlate with the opinions of ARNP Friesen.  The adjudicator is not free to substitute his own medical opinion for that of a disability claimant's treatment providers.  Hamlin v. Barnhart, 365 F.3d 1208, 1221 (10th Cir. 2004).  An ALJ is not entitled to *sua sponte* render a medical judgment without some type of support for his determination.  The ALJ's duty is to weigh conflicting evidence and make disability determinations; he is not in a position to render a medical judgment.  Bolan v. Barnhart, 212 F. Supp.2d 1248, 1262 (D. Kan. 2002).  In the absence of any medical opinion or other evidence indicating that the GAF score of ARNP Friesen is inconsistent with her opinions, the ALJ overstepped his bounds into the province of medicine.  Miller v. Chater, 99 F.3d 972, 977 (10th Cir. 1996); McLeland v. Astrue, 2009 WL 348290 at *8 (D. Kan. Feb. 11, 2009, Doc. 26 at 18).

   IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

   Dated this 28th day of March 2012, Topeka, Kansas.


                    s/ Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge